# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS JOHN PENNINGTON, <br><br> Defendant. | No. 09-CR-3019-LRR <br><br> **ORDER** |

The matter before the court is the defendant's motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (docket no. 285). The defendant filed such motion on January 15, 2014.

The defendant states nothing in the instant motion that the leads the court to a different conclusion. Contrary to the defendant's assertions, the court did not err when deciding that he could not rely on Federal Rule of Criminal Procedure 36 to obtain credit toward his sentence because the judgment that entered against the defendant does not include a clerical error and there is no error in the record that arose as a result of oversight or omission.

Moreover, the defendant's sentence is final. The time for challenging the sentence that the court imposed on January 7, 2010 passed a long time ago. Consistent with the parties' plea agreement, the defendant was free to litigate during his sentencing hearing any departure that he deemed appropriate, including whether credit should be granted under USSG §5G1.3(b)(1). *Cf. United States v. Kiefer*, 20 F.3d 874 (8th Cir. 1994). The defendant also could have sought relief on direct appeal or in a collateral action to the extent counsel provided ineffective assistance. The defendant never advanced an argument about receiving credit during his sentencing hearing or in a timely post-conviction proceeding.

In addition, the court disagrees with the defendant's contention that he is entitled to credit toward his sentence. No rule or statute permits the court to alter the defendant's sentence because he is dissatisfied with the court's imposition of the mandatory minimum term of imprisonment and the Federal Bureau of Prison's subsequent determination that some credit should not be granted. Although it is true that the court ordered the defendant's sentence to run concurrently to the undischarged term of imprisonment that the Iowa District Court for Cerro Gordo County imposed after revoking his parole, the court did not intend for the defendant to be credited for the period of time during which federal authorities obtained temporary custody of the defendant pursuant to a writ of habeas corpus ad prosequendum.[1] The defendant correctly concedes that the Federal Bureau of Prison properly calculated his sentence because he was receiving credit toward his state sentence while federal authorities had temporary custody of him. And, as the defendant acknowledges, the Federal Bureau of Prisons gave him credit for the remaining amount of time that he spent in the custody of state authorities, that is, from January 6 or 7 of 2010 or when he was returned to the primary jurisdiction of state authorities to July 27, 2010 or when he started to serve his federal sentence. This is consistent with the judgment that entered against the defendant. Indeed, had the court ordered his sentence to run consecutively to the undischarged term of imprisonment that the Iowa District Court for Cerro Gordo County imposed after revoking his parole, the defendant would not have received any credit for the time that he spent in state custody after federal authorities returned him so he could complete his state sentence.

Based on the foregoing, the motion for relief from judgment under Federal Rule of

---

[1] According to the pre-sentence investigation report, the Iowa District Court for Cerro Gordo County revoked the defendant's parole on September 9, 2008 and imposed a sentence of ten years with respect to the underlying offense that subjected the defendant to a mandatory minimum sentence in this case. Such report also indicates that the defendant's tentative discharge date was June 21, 2010. Further, although the defendant states that he was released to federal custody on July 27, 2010, records from the Iowa Department of Corrections indicate a sentence end date of June 21, 2010.

Civil Procedure 60(b) (docket no. 285) is denied.

**IT IS SO ORDERED**.

**DATED** this 16th day of January, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA